United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED FARAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-04899 |
| | § | |
| CHUBB NATIONAL INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This case was originally filed in state district court in Harris County, Texas. The defendant, Chubb National Insurance company ("Defendant" or "Chubb"), removed the matter to this Court and has now filed a Motion for Summary Judgment, (Doc. No. 8), to which Plaintiff, Fred Farah ("Plaintiff" or "Farah"), has not responded in opposition. Having reviewed the motion, the record, and the applicable law, the Court hereby GRANTS Defendant's Motion for Summary Judgment. (Doc. No. 8).

### I.
### Background Facts

Chubb points out that the correct insuring entity is ACE American Insurance Company ("ACE"). The Court therefore will refer to the insurance company as ACE.

This case arose from alleged damage to Plaintiff's boat caused by Hurricane Beryl. ACE, a Chubb entity, was the insurer that insured Plaintiff's boat. It investigated Plaintiff's claim and asked Plaintiff for additional information. Initially, Plaintiff cooperated with the investigation, but he quickly became uncooperative and refused to provide further information. He has been equally

uncooperative in moving this lawsuit forward. He did not attend the initial conference, has not provided initial disclosures, and has not responded to Chubb's discovery requests.

In July of 2024, Farah notified Chubb that Beryl caused significant damage to his 2013 Corwnline 285. *See* (Doc. No. 8-2 at 6). He claimed that, at the time of the damage, he was out of the country, and the boat was located at a shop for cleaning. (*Id.*). At the time of the notification, Plaintiff had transferred the boat to an auto repair shop. (*Id.*). ACE assigned the claim to Thomas Chambers to adjust. *See* (Doc. No. 8-3). Chambers requested photographs from Plaintiff, gathered Plaintiff's repair estimate, and engaged a marine surveyor to evaluate the alleged damage. *See* (Doc. No. 8 at 7–8). The Plaintiff's repair estimate was provided by "Chad Car Care," which was located on property owned by the Plaintiff. *See* (Doc. No. 8-2 at 3). It totaled $42,815. *See* (Doc. No. 8-4). The marine surveyor reported back to Chambers that the damage to the boat was not consistent with hurricane damage and the boat was trailered and located only two blocks from the insured's property. *See* (Doc. Nos. 8-7, 8-2 at 5).

Eventually, Chambers sought additional information from Farah. This conversation devolved when Farah started using profanity. *See* (Doc. No. 8-2 at 3). ACE ultimately sent Farah a check for $6,785 representing the $7,565 worth of damage and related expenses that ACE attributed to any covered loss minus the $780 deductible. *See* (Doc. Nos. 8-8, 8-9). It is not clear from the record that this check was ever negotiated. Regardless, a few months later, Plaintiff filed this lawsuit.

## II.
### This Lawsuit

In this lawsuit, Plaintiff makes claims based upon breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of Chapters 541 and 542 of the Texas

Insurance Code ("Code"), also referred to as the Unfair Claims Settlement Practices Act and the Prompt Payment of Claims Act, respectively, and violation of the duty of good faith and fair dealing. Chubb has now filed its Motion for Summary Judgment on all claims.[1]

### III.
### Applicable Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

---

[1] Thomas Chambers was never served with process in this case and the time for doing so has long since passed. Fed. R. Civ. P. 4(m). He is dismissed without prejudice.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980)). In other words, where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). Thus, the Court will consider the merits of Defendant's motion.

## IV.
## Analysis

A. Breach of Contract

Plaintiff's first cause of action is one for breach of contract. He generally claims that Chubb is liable because it breached its insurance contract by failing to pay the claimed $42,815 when it instead paid $6,785. Chubb claims ACE complied with its contractual obligations by paying what it did because most of Plaintiff's damage was due to everyday wear and tear, and that is not covered

4

by the policy. Further, if not falling into that category, the damage was due to diminution in value which is also not a covered loss.

Farah has not brought forth any evidence to raise an issue of material fact that would suggest Chubb's Motion is incorrect. Therefore, this Court grants the Defendant's Motion on the contract claim.

B.  DTPA and Chapter 541 of the Code

Next, Plaintiff alleges that ACE violated various provisions of Section 541.060 of the Texas Insurance Code and the DTPA. Specifically, Plaintiff claims that ACE made material misrepresentations and committed other unfair practices in violation of these code provisions. Since Plaintiff is unable to prove a breach of the Policy or that he is entitled to additional Policy benefits, however, his extra-contractual claims must necessarily fail. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018). As the Supreme Court of Texas recently held: "[a]n insured cannot recover any damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." *Id.* at 500.

C.  Prompt Payment Violations

Plaintiff also claims that ACE violated various sections of Chapter 542 of the Texas Insurance Code, more commonly known as the Prompt Payment of Claims Act. Those code provisions, however, do not apply to marine insurance policies. The United States District Court for the Eastern District of Texas recently considered this issue in *Vollandt v. Axis Ins. Co.* and determined that the code "expressly excludes marine insurance policies," and, as such, "Plaintiff's 'prompt payment' claim under Chapter 542 is not legally cognizable and fails as a matter of law." 2022 WL 822020, at *10 (E.D. Tex. Mar. 17, 2022).

5

D. Duty of Good Faith and Fair Dealing

Lastly, Plaintiff claims that ACE breached the duty of good faith and fair dealing. To support this claim, Plaintiff must prove the following elements:

a. There was a breach of the underlying insurance policy;

b. The insurer's liability to perform an alleged contractual obligation was reasonably clear at the time of the insurer's conduct that is alleged as a breach of the duty of good faith and fair dealing; and

c. At the time of the alleged breach of the duty of good faith and fair dealing, the insurer knew or by the exercise of reasonable diligence should have known that its liability was reasonably clear.

(Doc. No. 8 at 18); *see Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–51 (Tex. 1997); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Dominguez*, 873 S.W.2d 373, 376 (Tex. 1994); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997).

A bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith. *Higginbotham*, 103 F.3d at 459. Additionally, as explained above, Plaintiff cannot show that ACE breached the Policy at issue. Since he cannot prove a breach of the Policy, Plaintiff's claim that ACE breached its duty of good faith and fair dealing must also fail. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) ("Boyd's common-law bad-faith claims are also negated by the determination in the breach of contract claim that there was no coverage.").

6

## V.
## Conclusion

The Court hereby dismisses Thomas Chambers without prejudice. It further grants in total Defendant's Motion for Summary Judgment. (Doc. No. 8). A separate judgment will accompany this order as per Rule 58(a).

Signed on this ___ 21st day of April 2026.

Andrew S. Hanen
United States District Judge